UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LEAH CHRISTIA WILLIS**　　　　　　　　　**CASE NO. 2:22-CV-02762**

**VERSUS**　　　　　　　　　　　　　　　　　　**JUDGE JAMES D. CAIN, JR.**

**USAA CASUALTY INSURANCE**　　　　　　**MAGISTRATE JUDGE LEBLANC**
**COMPANY AND GARRISON**
**PROPERTY & CASUALTY CO.**

### MEMORANDUM ORDER

Before the Court is a Motion in Limine (Doc. 14) filed by the Defendant, Garrison Property and Casualty Insurance Company ("Garrison"). The Plaintiff, Leah Christia Willis ("Willis"), opposes the motion. Doc. 19.

### BACKGROUND INFORMATION

This lawsuit arises from property damage to Willis's home as a result of Hurricanes Laura and Delta. Doc. 1. At all relevant times Willis's property was insured under a policy issued by Garrison, a wholly owned subsidiary of United States Automobile Association. Doc. 7. Garrison now brings this Motion in Limine to exclude from trial the following items: (1) opinion testimony from lay witnesses, including the Plaintiff; (2) evidence of estimated costs for work already performed; and (3) arguments or references to how other insurance claims have been handled in the region. Doc. 14.

### LAW AND ANALYSIS

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by

the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

**A. Opinion testimony from the Plaintiff.**

Garrison moves to exclude opinion testimony from all lay witnesses but is particularly concerned with the opinion testimony of the Plaintiff. Willis is a graduate of LSU school of architecture with a minor in construction management. Doc. 14-2 at 2. Garrison moves to exclude Willis, who is not an expert witness, from offering opinion testimony regarding the damage to her house and the repairs needed based on her technical

and specialized knowledge. Doc. 14-1 at 1. Garrison requests an order limiting Willis's testimony to her personal knowledge of the facts rather than opinion and argues that she should not be allowed to testify regarding causation, estimated repair costs, or the sufficiency of mitigation efforts. *Id.* at 2.

Willis notes that as a homeowner she received an estimate from the adjuster, reviewed the estimate, and responded with concerns that it was insufficient to cover the damage to her home. Doc. 19 at 2. Willis argues that the fact that she could fully understand the contents of the estimate based on her education and experience should not prevent her from providing testimony in support of her own claims. *Id.* at 3.

Opinion testimony by a lay witness is governed by Federal Rule of Evidence 701. Such testimony is admissible if it is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. "In particular, the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 265 (5th Cir. 2022) (quoting *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002)). If these requirements are met, "a layman can under certain circumstances express an opinion even on matters appropriate for expert testimony." *Id.*

Willis should not be broadly precluded from offering a lay opinion concerning matters based on her own personal knowledge and perception simply because she is

3

educated as an architect and has experience as a construction manager. The Court will deny Garrison's motion to exclude Willis's opinion testimony at this time.

### B. Evidence of estimated costs for work already performed.

Garrison moves to exclude any evidence concerning the estimated costs for repairs that have already been completed. Doc. 14-1 at 2. Garrison notes that Plaintiff performed much of the demolition work in her home herself immediately after the storms and contends that estimates of costs associated with this work should be excluded at trial. *Id.* Plaintiff does not dispute that she took on much of the demolition work herself with the help of friends. Doc. 19 at 4. However, Plaintiff notes that at least six of the estimates prepared by Garrison included the cost of demolition. *Id.* Plaintiff contends that by excluding this information Garrison is attempting to retroactively reduce its own estimate. *Id.*

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, a plaintiff must produce the best evidence in support of his claim. *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983). "Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Id.* (quoting *Lambert v. Allstate Ins. Co.*, 195 So.2d 698, 700 (La. Ct. App. 1st Cir. 1967)); *see also Conner v. USAA Gen. Indem. Co.*, 2023 WL 2062829, at *2 (W.D. La. Feb. 16, 2023) ("Once repairs are complete, the plaintiff [] is limited to actual repair costs").

Given that the demolition work in this case has been completed, the Court will grant Garrison's motion to exclude the estimated costs for the completed demolition work. Plaintiff may present evidence of the actual costs incurred.

**C. References to how other insurance claims have been handled in the region.**

Garrison moves to exclude the introduction of evidence related to the entire insurance industry's handling of hurricane claims in the region. Garrison argues that any reference to unrelated hurricane damage or unrelated insurance claims would be unduly prejudicial without adding relevant evidence. Doc. 14-1 at 3. Plaintiff counters that Defendant's request is overly broad and loosely defined. Doc. 19 at 5. Plaintiff also notes that every listed witness has experience with insurance claims handling throughout the region on a professional level, and that a blanket exclusion would deny both parties the opportunity to develop relevant information or build arguments. *Id.*

At issue in this case is whether Garrison is in breach of the insurance contract or acted in bad faith in the processing of Willis's claim. The Court finds that evidence concerning the entire insurance industry's handling of hurricane related claims in the region is irrelevant to the Plaintiff's specific claims and will be excluded. This exclusion does not prevent counsel from questioning a witness about their general experience with hurricane related matters to lay a proper foundation for the introduction of relevant evidence.

## CONCLUSION

For the reasons stated above, Garrison's Motion in Limine (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART** as follows: (1) motion to exclude opinion testimony from Willis is **DENIED**; (2) motion to exclude estimated costs for completed repairs as a

5

measure of damages is **GRANTED**; (3) motion to exclude evidence related to the entire insurance industry's claims handling in the region is **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of May, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**