UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LEAH CHRISTIA WILLIS**  **CASE NO. 2:22-CV-02762**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**USAA CASUALTY INSURANCE COMPANY AND GARRISON PROPERTY & CASUALTY CO.**  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is a Motion in Limine to Exclude or Limit Expert Testimony (Doc. 15) filed by the Defendant, Garrison Property and Casualty Insurance Company ("Garrison"). The Plaintiff, Leah Christia Willis ("Willis"), opposes the motion. Doc. 20.

### BACKGROUND INFORMATION

This lawsuit arises from damage to property owned by Willis as a result of Hurricanes Laura and Delta. Doc. 1. At all relevant times Willis's property was insured under a policy issued by Garrison, a wholly owned subsidiary of United States Automobile Association. Doc. 7. On July 5, 2023, this Court issued a Scheduling Order setting the trial of this matter to take place on February 26, 2024. Doc. 9. According to the Scheduling Order, Plaintiff was required to provide the Defendant with the names and written reports of the experts she intends to call on or before November 28, 2023. *Id.* at 2. The Court had an unavoidable scheduling conflict, and the trial was reset for September 16, 2024. Doc. 27.

Garrison's motion seeks to exclude three of Plaintiff's expert witnesses: Frances Fitz-Gerald ("Fitz-Gerald"), Ray Prunty ("Prunty"), and Robert Authement ("Authement"). Doc. 15-1 at 1. Garrison contends that the expert reports provided by the witnesses fail to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), and do not show the basis of their opinions or their qualifications as experts. *Id.* As such, Garrison contends the reports do not provide a basis to determine whether the offered opinions are reliable. *Id.* In the alternative, Garrison argues that the testimony of Prunty and Authement involve the same topic and will be cumulative in nature and requests that the Court only allow one of the witnesses to testify at trial. *Id.* at 2. The Plaintiff opposes the motion. Doc. 20.

## LAW AND ANALYSIS

### A.     Motion in Limine

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, No. 05-0043, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some

hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-0572, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 862 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge ... and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

    **B.**    **Disclosure and Discovery of Experts**

The rules governing discovery are intended to prevent "trial by ambush" and "designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). To oversee the discovery stage, Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. Consistent with this authority, the court has broad discretion to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order.") (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) (internal quotations omitted)).

Federal Rule of Civil Procedure 26(a)(2)(A) imposes a duty on a party to disclose the identity of any witness it may use at trial to present expert testimony. Such disclosure is required to be accompanied by a written report, prepared and signed by the witness, if

the witness is retained or specifically employed to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).  The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered; (iii) any exhibits that will be used in support thereof; (iv) the witness's qualifications, including a list of publications from the previous ten years; (v) a list of all other cases in which the witness testified as an expert during the previous four years; and (vi) a statement of compensation to be paid for his study and testimony.  *Id.*  Initial required disclosures are information that each party must give to other parties—even though the parties have not asked for it. Fed. R. Civ. P. 26(a)(1).  Additionally, the Court issued a Scheduling Order in this case which states:

> Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before November 28, 2023.  Defendant shall furnish to plaintiff the names and written reports no later than December 13, 2023.  **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause**.

Doc. 9 at 2 (emphasis in original).  The date provided in the Scheduling Order is set 90 days prior to trial.  Only expert witnesses who are "retained or specifically employed to provide expert testimony" are required to provide a written report.  Otherwise, Rule 26(a)(2)(C) requires non-reporting expert witnesses to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

The Federal Rules of Civil procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *See* Fed. R. Civ. P. 16(f), 37(b)(2). Under Rule 37(c)(1), failure to comply with court-imposed deadlines for witness and exhibit disclosure requirements may result in the exclusion of the evidence at issue. Moreover, if a party fails to disclose material that was required to be disclosed under Rule 26(a), that party cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016). Rather than excluding untimely evidence, a "district court may order alternative sanctions as well, such as awarding costs and attorneys' fees to the other parties." 841 F.3d at 372 (citing Fed. R. Civ. P. 37(c)(1)(A)–(C)).

To determine whether to exclude untimely evidence, district courts in the Fifth Circuit apply a four-factor test: (1) the explanation given for the failure to identify the witness, (2) the importance of the witness's testimony, (3) the potential prejudice to the opposing party in allowing the witness's testimony, and (4) the possibility that a continuance would cure such prejudices. *E.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (applying four-factor test to exclusion of expert witnesses for failure to timely designate); *C.F. Bean*, 841 F.3d at 374 (Excluding expert testimony was not the appropriate sanction when the explanation for not submitting a complete expert report by the disclosure deadline was reasonable, there was no indication of bad faith, expert report and testimony were essential to the case, and a continuance would cure much of the prejudice from late disclosure.); *Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 913

(5th Cir. 2012) (denying the plaintiffs' motion to designate an expert under the four factor test); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (using four-factor test to bar an expert witness because nonmovant failed to timely identify her as required by Rule 26(a)(2)(A)); *Hooks v. Nationwide Hous. Sys., LLC*, No. 15-0729, 2016 WL 3667134, at *2–5 (E.D. La. July 11, 2016) (applying four-factor test to a motion in limine to exclude expert testimony at trial). Lastly, all factors are considered; no singular factor is dispositive in determining the admission or exclusion of the evidence. *See Betzel*, 480 F.3d at 708 ("the importance of such proposed testimony cannot *singularly* override the enforcement of local rules and scheduling orders" (emphasis in original)). "The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." *Nieves v. John Bean Techs. Corp.*, No. 13-4059, 2014 WL 2587577, at *1 (N.D. Tex. June 10, 2014) (cleaned up)).

    **C.**    **Application**

At the outset, the Court notes that it need only apply the four-factor test to Fitz-Gerald and Authement. Plaintiff notes that Prunty is a non-retained expert and states that she has submitted to Garrison the information required under Rule 26(a)(2)(C) including: (a) the subject matter upon which Prunty is expected to present evidence under Federal Rule of Evidence 702, 703, or 705, and (b) a summary of the facts and opinions Prunty is expected to provide while testifying. Doc. 20 at 5. Plaintiff states that Prunty's damage estimates were submitted prior to litigation and updates have been provided in a timely fashion. *Id.* Because Garrison's motion in limine to exclude Prunty is based on the standards for retained experts, the Court will not exclude Prunty for the lack of a report

meeting the requirements of Rule 26(a)(2)(B). The Court will now analyze each of the four-factors in turn concerning Fitz-Gerald and Authement.

### 1. Explanation for failing to timely disclose information required in retained experts' reports

Garrison contends that the reports from each of Plaintiff's identified experts do not meet the requirements of Rule 26(a)(2)(B). Doc. 15-1 at 1. Plaintiff counters that Garrison has not identified which of the requirements are not met and merely makes a blanket statement that the reports are insufficient. Doc. 20 at 2. Plaintiff also notes that the purpose of the reporting requirements is to allow a party to effectively cross-examine an expert witness, noting that all three witnesses have already been deposed by Garrison. *Id.* Plaintiff states that any failure by her experts to disclose publications, qualifications, or compensation is justified and harmless given that the witnesses are not professional litigation experts, but merely professionals who have not been subjected to the scrutiny of litigation. *Id.* at 3. Given that Garrison's motion in limine is not specific as to exactly what information is missing and depositions have already occurred, the Court finds that this factor weighs against exclusion in this case.

### 2. Importance of the testimony

Plaintiff argues that the testimony of FitzGerald and Authement are vitally important, speaking to the costs of necessary repairs to her home and the value of the damaged contents. *Id.* Plaintiff describes Authement as a local licensed general contractor who has significant experience with hurricane damage repairs and whose testimony will provide a description to the jury of what is required to return Plaintiff's home to pre-storm

condition. *Id.* Plaintiff also notes that the Defendant had the opportunity to question Authement at length concerning his experience during his deposition. *Id.* Similarly, Plaintiff notes that Fitz-Gerald is the only witness proposed with experience in setting a value to personal property contents of a home. *Id.* Plaintiff also states that Fitz-Gerald has significant experience providing personal property appraisals for successions and insurance purposes. *Id.* The information to be provided by Authement and Fitz-Gerald is clearly relevant to Plaintiff's claim for damages, which weighs against exclusion.

### 3. **Potential prejudice to the Defendant in allowing the testimony**

Plaintiff argues that Garrison has sent no less than four separate individuals to inspect her home and have always been provided unfettered access. *Id.* at 4. After each inspection Garrison prepared reports addressing the damage. *Id.* As such, Plaintiff maintains neither Fitz-Gerald or Authement will cover a topic that Garrison has not been provided ample opportunity to review, inspect or question during their respective depositions. The Court agrees that this factor weighs against exclusion.

### 4. **Availability of a continuance to cure such prejudice**

The last factor requires the Court to consider whether the possibility of a continuance would cure any prejudices to the opposing party. As noted above, the Court continued the matter due to its own scheduling conflict. Trial in this matter will not occur for several months, which should allow any alleged deficiencies in the reports of Plaintiff's experts to be cured without delaying the matter. As such, this factor also weighs against exclusion.

### D.     Cumulative Testimony of Prunty and Authement

Garrison argues that the testimony of Prunty and Authement is cumulative and will unnecessarily increase the amount of time and money spent on the trial. Doc. 15-1 at 2. Garrison asks the Court to exclude one of the witnesses, allowing only one expert witness on the subject of repair costs. *Id.* Plaintiff responds that Prunty and Authement will provide different information to the jury. Specifically, Plaintiff states that Prunty, who is a claims adjuster, will testify regarding the accuracy of Defendant's repair estimates and will also testify regarding a meeting he had with one of Defendant's adjusters. Doc. 20 at 6. Plaintiff states that Authement, a local general contractor, will provide testimony concerning how the local labor market, local code requirements, and the practices of local general contractors impacts the cost of repairs to her home. *Id.*

A district court has discretion to exclude testimony which is merely repetitious and cumulative of testimony already introduced. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985); Fed. R. Evid. 403. At this point in the litigation the Court is not convinced that Prunty and Authement's testimony will be cumulative or repetitious. The Defendant may offer an objection at trial if necessary.

### CONCLUSION

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude or Limit Testimony (Doc. 15) is hereby **DENIED** for the reasons stated above.

In an effort to cure any deficiencies that may exist concerning Plaintiff's expert witnesses, **IT IS FURTHER ORDERED** that Defendant provide Plaintiff's counsel with

a list of the information it deems missing from the Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C) requirements within fourteen days of the signing of this order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel respond and provide the requested information to Defense counsel within fourteen days thereafter.

**THUS DONE AND SIGNED** in Chambers on this 6th day of May, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**